|    |    |    |
|----|----|----|
| 1  | -  |    |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Adeniran Richard Adeogba, | ) | No. CV 05-2247-PHX-MHM (LOA) |
|---|---|---|
|  | ) |  |
| Petitioner, | ) | **ORDER** |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) |  |
| Immigration and Customs Enforcement, et al., | ) |  |
|  | ) |  |
| Respondents. | ) |  |
|  | ) |  |

      Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his continued detention under the immigration laws as unconstitutional. The matter was referred to Magistrate Judge Lawrence O. Anderson who has issued a Report and Recommendation that recommends (1) that Petitioner's motion to amend to add parties should be denied; (2) that the Petition for Writ of Habeas Corpus should be granted unless within 60 days of the District Court's ruling on the Report and Recommendation Respondents provide Petitioner with a bond hearing before an Immigration Judge with the power to grant Petitioner bail; and (3) that Respondents be ordered to file a status report every thirty days until Petitioner is granted a bond hearing. (Doc. 23).

      This Court granted Respondents an enlargement of time to file an objection to the Report and Recommendation, up to and until June 30, 2006. (Doc. 25). Respondents have not filed an objection to the Report and Recommendation. Petitioner has not filed an objection to the Report and Recommendation. Petitioner has filed a motion for bail pending

final judgment in habeas proceedings (Doc. 26) and a notice of Respondents' failure to file an objection. (Doc. 28). Petitioner also has filed a motion to correct typographical errors in his motion for bail pending final judgment. (Doc. 27). Petitioner's motion to correct typographical errors in his motion for bail (Doc. 27) is granted.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. Petitioner seeks his release on bond pending disposition of the proceedings that are currently ongoing before the Board of Immigration Appeals.

The factual background of this case is set forth in the Report and Recommendation. Petitioner is a native and citizen of Nigeria who first entered the United States in 1979. He was ordered deported from the United States on February 21, 1991 and was physically removed from the United States on March 6, 1991 under the name Ademuyiwa Oguntade-Oluwniyi. Petitioner subsequently re-entered the United States on March 24, 1991 without permission. Petitioner has a history of criminal activity. On June 2, 1995, he pleaded guilty to Theft with One Prior Felony in violation of A.R.S. § 13-1802 and was sentenced to 7.5 years of imprisonment. On August 13, 2000, Petitioner was released from state custody and taken into the custody of the Immigration and Naturalization Service (now Department of Homeland Security) under the name Richard Adeniran Adeogba. Petitioner was subject to removal as an alien who is in the United States without lawful residence and who has been convicted of an aggravated felony.

1  Before he could be removed, Petitioner requested asylum asserting that he feared
2  persecution upon return to Nigeria. Petitioner's application for asylum and for withholding
3  of removal were denied by an asylum officer. This denial was affirmed by an immigration
4  judge on January 12, 2001. On May 17, 2002, a deportation officer issued a final
5  administrative removal order under 8 U.S.C. § 1228(b). During on-going attempts by DHS
6  to remove Petitioner pursuant to the final order of removal, Petitioner requested relief in the
7  Ninth Circuit Court of Appeals but was not successful.

8  On March 11, 2003, Petitioner filed his first Petition for Writ of Habeas Corpus in the
9  United States District Court for the District of Arizona. On May 5, 2005, this Court granted
10 Petitioner's first Petition for Writ of Habeas Corpus and remanded to the Board of
11 Immigration Appeals for further consideration of his claims for relief under § 212(h) of the
12 Immigration and Nationality Act, his request for relief under the United Nations Convention
13 Against Torture and his application for asylum. Adeogba v. INS, CV 03-0481-PHX-MHM.
14 This Court also granted Petitioner a stay of removal pending further proceedings before the
15 BIA.

16 On February 22, 2006, the Immigration Court denied Petitioner's application for
17 asylum and withholding of removal, denied Petitioner's request for a waiver under § 212, and
18 denied his application for deferral of removal under Article III of the Convention Against
19 Torture. On or about March 14, 2006, Petitioner filed an appeal with the BIA which appears
20 to remain pending.

21 Petitioner has filed the present Petition for Writ of Habeas Corpus seeking an order to
22 compel Respondents to release him. Petitioner contends that his continued detention without
23 bond for more than five years is unconstitutional. The Magistrate Judge has issued a Report
24 and Recommendation that recommends, *inter alia*, that the Petition for Writ of Habeas Corpus
25 should be granted unless within 60 days of the District Court's ruling on the Report and
26 Recommendation Respondents provide Petitioner with a bond hearing before an Immigration
27 Judge with the power to grant Petitioner bail. Petitioner has filed a motion for bail asserting

1 that this Court has inherent authority to order his release on bail pending a decision in a
2 habeas case.

3       This Court agrees with the findings and conclusions set forth in the Report and
4 Recommendation of the Magistrate Judge that Petitioner, whose detention has become
5 prolonged, should be afforded a bail hearing or be released. As discussed by the Magistrate
6 Judge, Petitioner's detention has lasted more than five years. The record in this case does not
7 contain much information about review of Petitioner's custody status since he was taken into
8 INS custody in August 2000. The bail hearing should be before an Immigration Judge with
9 the power to grant Petitioner bail unless the government establishes that he is a flight risk or
10 will be a danger to the community. See Tijani v. Willis, 430 F.3d 1241 (9th Cir.
11 2005)(remanding to the district court with instructions to grant the writ unless the government
12 within 60 days of the order provides a hearing to petitioner before an Immigration Judge).
13 Petitioner's motion for a bail determination hearing before this Court (Doc. 26) is denied.

14       This Court directs that the bond hearing be held within thirty (30) days of the filing
15 date of this Order, rather than within sixty (60) days as recommended by the Magistrate
16 Judge. This Court further directs that, instead of the filing of a status report every thirty (30)
17 days, Respondents shall file a status report in this Court within forty-five (45) days of the
18 filing date of this Order.

19       **Accordingly**,

20       **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc.
21 23) in its entirety as modified by this Order.

22       **IT IS FURTHER ORDERED** that Petitioner's motion to amend to add parties (Doc.
23 11) is denied.

24       **IT IS FURTHER ORDERED** that Petitioner's motion to correct typographical errors
25 in his motion for bail pending final judgment  (Doc. 27) is granted.

26       **IT IS FURTHER ORDERED** that Petitioner's motion for a bail determination hearing
27 before this Court (Doc. 26) is denied.

28

- 4 -

1  **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus shall be
2  granted unless within thirty (30) days from the filing date of this Order Respondents provide
3  Petitioner with a bond hearing before an Immigration Judge with the power to grant Petitioner
4  bail.

5  **IT IS FURTHER ORDERED** that Respondents shall file a status report in this Court
6  within forty-five (45) days of the filing date of this Order.

7  DATED this 18th day of July, 2006.

_____
Mary H. Murguia
United States District Judge